# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAFEAL MADRIGAL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:11-cv-00389-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Rafeal Madrigal's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1), and Motion for Downward Departure (Dkt. 11). Having reviewed the record, including the record in the underlying criminal case, the Court will deny the motions.

## BACKGROUND

On May 14, 2008, the grand jury indicted Madrigal with numerous firearms-related counts and illegal re-entry. *USA v. Madrigal*, 1:08-cr-112-BLW, Dkt. 1. On September 17, 2008, the parties filed a Plea Agreement. *Id.*, Dkt. 2. Madrigal pleaded guilty to Counts One, Four, and Seven: Illegal Re-entry, Possession of an Unregistered, Sawed-Off Shotgun, and Forfeiture. *Id.*, Dkt. 23.

On January 9, 2009, right before his sentencing, Madrigal moved to withdraw his guilty plea. *Id.*, Dkt. 33. On January 22, 2009, the Court denied his motion to withdraw his plea and sentenced him to 130 months. *Id.*, Dkt. 37, 39. Shortly thereafter, on January 26, 2009, Madrigal filed an appeal. *Id.*, Dkt. 40. The Ninth Circuit affirmed Madrigal's conviction. *Id.*, Dkt. 56.

## ANALYSIS

**1. Motion to Vacate Sentence**

Madrigal moves to vacate his sentence based on four claims, which he sets forth with a minimum of detail and in a conclusory manner. Madrigal alleges: (1) his counsel was ineffective because he failed to object to the Government's alleged improper motive in declining to move for a downward departure for substantial assistance; (2) his counsel was ineffective because he failed to advise him of the immigration consequences related to his convictions; (3) his prior convictions were used to unconstitutionally enhance his sentence; and (4) he is entitled to post-sentencing rehabilitation relief in accordance with *Pepper v. United States*. *Def.'s Mot.*, Dkt. 1. Even accepting the truth of Madrigal's factual allegations, no hearing is warranted. The Court will decide the motion based on the briefing and the record.

**A.** *Ineffective Assistance of Counsel Claims*

To prevail on an ineffective assistance of counsel claim, a defendant must show (1) that his representation fell below objectively "reasonabl[e] effective service" and (2) the reasonable probability that the result was prejudiced by counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). The Strickland two-part test is applicable

to cases where a defendant claims ineffective assistance of council during a guilty plea. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985). Allegations that are merely conclusory are insufficient to support a claim for ineffective assistance of counsel. *United State v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). The Court may evaluate the elements of ineffective counsel in either order, and need not show that both elements are not if there is insufficient showing of one. *Id.* at 697.

Generally, there is no rule that defines the basis for a finding of ineffective counsel; rather it is based on case specific circumstances. *Strickland*, 466 U.S. at 690. However, there is a presumption that "counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* To show that counsel did not perform reasonably effective service, the defendant must show that counsel made errors that no reasonable attorney would have made under the same circumstances. *Id.* In evaluating counsel performance, the court should analyze performance throughout the case to determine if the alleged erroneous conduct "overcomes the presumption that counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

To show prejudice, a defendant must show that without counsel's errors, there is a "reasonable probability" that the result of the case would be different. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The burden to show prejudice is on the moving party. *Id.* The standard to show prejudice is "highly demanding." *Kimmelman*, 477 U.S. at 381-82. Even if there were an unreasonable error

by counsel, if it does not affect the outcome, the judgment should not be set aside. *Strickland*, 466 U.S. at 62.

### (1) Government's Alleged Improper Motive in Not Requesting Downward Departure for Substantial Assistance

Madrigal previously raised the issue of the Government's failure to move for a downward departure based on substantial assistance when he moved to withdraw his plea. During the hearing on that motion, the Court noted that Madrigal was advised on "at least three different occasions during the plea colloquy" that the Government had the sole discretion to recommend substantial assistance and that Madrigal would not be allowed to withdraw his plea if they did not make the motion. *Sentencing Tr.*, 10, Dkt. 3-1.

Now it appears that Madrigal is trying to make the same argument without proof of an improper motive. Indeed, Madrigal does not even articulate what the "improper motive" may have been. Given the lack of any detail about the allegedly improper motive, Madrigal fails to satisfy either part of the *Strickland* test. He does not overcome the presumption that counsel's performance was reasonable, and he fails to show any prejudice.

### (2) Failure to Warn of Immigration Consequences

Madrigal next argues that his attorney failed to warn him of the consequences of pleading guilty to his immigration status. Yet, Madrigal criminal history reveals that he has previous aggravated felony convictions and two previous illegal re-entry convictions. Madrigal had also been deported previously. So, even assuming his attorney failed to inform him of the consequences of pleading guilty, Madrigal knew what the

consequences would be based on his own personal experience. Moreover, Madrigal's conviction on this charge will add nothing to the immigration problems he faces because of the prior aggravated felony and illegal re-entry convictions. Therefore, he cannot show prejudice and this allegation must be dismissed.

### B. *Prior Convictions Enhancing Sentence*

Madrigal already argued on direct appeal that his previous convictions illegally enhanced his sentence. The Ninth Circuit found "no arguable grounds for relief on direct appeal" in a memorandum disposition. *Ninth Circuit Case* 09-30039, Dkt. 17-3. If a matter has been decided adversely to a defendant on direct appeal, he cannot re-litigate the matter on collateral attack in most cases. *Clayton v. United States,* 447 F.2d 476, 477 (9th Cir. 1971). And Madrigal offers no reason that would allow him to re-litigate this decision in a § 2255 motion. This claim therefore must also be dismissed.

### C. *Post-sentencing Rehabilitative Relief*

Madrigal also argues that "pursuant to the new Supreme Court ruling in PEPPERS [v. United States], Petition is entitled to postsentencing rehabilitation relief…." In *Pepper v. United States,* 131 S.Ct. 1229 (2011), the Supreme Court overturned the lower court's decision not to consider, at a re-sentencing, information demonstrating Pepper's rehabilitation since a prior sentencing. *Id.* at 1237. Specifically, Pepper's rehabilitation included holding a job where he received praise, being drug-free, and reconnecting with his father. *Id.* The Supreme Court held that, when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of the defendant's rehabilitation since his prior sentencing, and such evidence

may, in appropriate cases, support a downward variance from the advisory sentencing guidelines range. *Id.* at 1236.

*Pepper* does not apply here. Madrigal's sentence was affirmed on appeal – not overturned. He is not being re-sentenced. And he offers no evidence of his rehabilitation. Therefore, Madrigal's last claim will also be dismissed.

## 2. Motion for Downward Departure

Madrigal also moves for a downward departure. Although not at all clear, it appears that his arguing that he should have been placed in a lower criminal history category based on amendments to the United States Sentencing Guidelines made after his sentence was imposed.

This argument fails because the amendments do not apply retroactively. Madrigal raises: (1) Amendment 754 added to the end of Guideline § 2L1.2(b)(a)(A); (2) Amendment 742 (2010), which struck subsection (e) from § 4A1.1(e); (3) Amendment 738 (2009) to § 5A, which expands Zones B and C of the Sentencing Table in Chapter Five; and (4) Amendment 739 (2010) to § 5H, which replaces the previous Introductory Commentary with more specific directions.

When sentencing a defendant, the District Court is to apply the Guidelines in effect as of the day of sentencing. *United States v. Mooneyham*, 938 F.2d 139, 140 (9th Cir. 1991). However, subsequent substantive amendments allow the Court to use its discretion to reduce the sentence if the Guideline under which the defendant was imprisoned is specifically mentioned in U.S.S.G. § 1B1.10(c). *United States v. Wales*, 977 F.2d 1323, 1327 (9th Cir. 1992). Unless the amended section of the Guideline is specifically

addressed in U.S.S.G. § 1B1.10(c), it has no retroactive effect. *United States v. Aldana-Ortiz*, 6 F.3d 601, 602 (9th Cir. 1993). The sections of the Guidelines under which Madrigal was sentenced are not specifically mentioned in U.S.S.G. § 1B1.10(c) and have no retroactive application. Therefore, Madrigal's motion is denied.

## ORDER

IT IS ORDERED that:

1. Defendant Rafeal Madrigal's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is DENIED; and

2. The Motion for Downward Departure (Dkt. 11) is DENIED.

3. No certificate of appealability shall issue. Madrigal is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22–1. To do so, he must file a timely notice of appeal.

4. If Madrigal files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: September 29, 2014

B. Lynn Winmill
Chief Judge
United States District Court