UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>RAFAEL MADRIGAL,<br><br>Defendant-Movant. | Case No.   1:16-cv-00467-BLW<br>               1:08-cr-00112-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Before the Court is Rafael Madrigal's Petition for a Writ of Habeas Corpus (Civ. Dkt. 1), along with his motion for a certificate of appealability (Crim. Dkt. 68).[1] For the reasons explained below, the Court will dismiss the § 2255 petition for lack of jurisdiction and deny the motion for a certificate of appealability.

**ANALYSIS**

Rafael Madrigal is a federal prisoner proceeding pro se with a motion to vacate,

---

[1] "Civ. Dkt." refers to entries in this civil case. "Crim. Dkt." Refers to entries in the underlying criminal matter, *Madrigal v. United States*, 1;08-cr-00112-BLW (D. Idaho).

set aside, or correct his sentence under 28 U.S.C. 2255 (Civ. Dkt. 1).  This is Madrigal's second § 2255 motion since entering a plea of guilty to illegal re-entry and a firearms offense and being sentenced to 130 months in prison.  *See Madrigal v. United States*, Case No. 1:11-cv-00389 (D. Idaho) (Madrigal's first § 2255 motion).

In this second § 2255 motion, Madrigal again challenges his sentence, yet "[t]he plain text of the Anti-Terrorism and Effective Death Penalty Act of 1996 ('AEDPA') precludes a federal inmate from filing a 'second or successive' § 2255 motion unless he can show either that he relies on a new rule of constitutional law, § 2255(h)(2), or 'that no reasonable factfinder would have found [him] guilty of the offense,'§ 2255(h)(1)." *United States v. Buenrostro*, 638 F.3d 720, 721 (9th Cir. 2011). In this Circuit, a prisoner seeking to file a successive § 2255 motion must initially seek leave from the Ninth Circuit Court of Appeals, which will review whether the movant has satisfied the above requirements. *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000); § 2255 (h); 28 U.S.C. § 2244(b)(3)(A).

Here, Madrigal does not meet either requirement of § 2255(h) – i.e., new rule of constitutional law or actual innocence – and he has not secured an order from the Ninth Circuit authorizing the district court to consider a second petition challenging his sentence. Absent such authorization from the circuit court, the district court lacks subject matter jurisdiction over a successive § 2255 motion. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).  Accordingly, the § 2255 motion will be denied.

The Court will also deny Madrigal's request for a certificate of appealability.

In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, a petition/appellant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). When the denial or dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

To satisfy the "substantial showing" standard, Madrigal "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

Here, Madrigal's habeas petition was filed as a second or successive habeas petition under § 2255 without prior certification by the Court of Appeals. The fact that the petition was a second or successive petition would not allow any reasonable jurist to conclude that the Court had erred in dismissing the petition because it has no jurisdiction to entertain the case. Accordingly, a certificate of appealability cannot issue in this case.

## ORDER

**IT IS ORDERED that:**

(1) Madrigal's Petition for a Writ of Habeas Corpus (Civ. Dkt. 1) is **DISMISSED**

**WITH PREJUDICE** for lack of jurisdiction.

(2) Madrigal's Motion for a Certificate of Appealability (Crim. Dkt. 68) is

**DENIED**.



DATED: October 25, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court